UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE HULTMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH W. MATTSON, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-03381-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 19 |

Before the Court is Plaintiff Charlene Hultman's motion for a preliminary injunction. ECF No. 19. The Court finds this matter suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b), and will deny the motion.

**I.    BACKGROUND**

Charlene Hultman, a 79-year-old widow, alleges that Defendant Kenneth W. Mattson, acting on behalf of Defendant LeFever Mattson, Inc. ("LM"), fraudulently persuaded her and her late husband to invest in two real estate investments: (1) $380,000 in Defendant Divi Divi Tree, LP ("Divi"), of which she alleges LM is the general partner, in 2011; and (2) $420,000 in Defendant Specialty Properties Partners, LP, of which she alleges Defendant KS Mattson Partners, LP, is the general partner, in 2013. She alleges that she received monthly distributions from both of these investments from the time she invested until April 2024. She also alleges that she received a statement from non-party Pacific Premier Trust, the holder of her investment in Specialty Properties, that the value of that investment was $355,215.63 as of March 31, 2024. She alleges that she received a statement from non-party Madison Trust, the holder of her investment in Divi, that the value of that investment was $605,240.65 as of March 31, 2024, but that Madison Trust informed her on May 9, 2024, that the balance of her account there had fallen to $458.92.

1   Hultman filed this lawsuit seeking monetary damages, including the return of her
2   investments in Divi and Specialty Properties and punitive damages. Her complaint, ECF No. 1,
3   asserts the following claims against Mattson, KS Mattson, and LM: securities fraud in violation of
4   Section 10(b) of the Securities Exchange Act of 1934 and Securities Exchange Commission Rule
5   10b-5; financial abuse of an elder in violation of California Welfare and Institutions Code Section
6   15610.30; fraud; breach of fiduciary duty; and conversion. Her complaint alleges two additional
7   claims against all Defendants, including Divi and Specialty Properties: constructive trust and
8   declaratory relief.

9   Hultman moved for a temporary restraining order and order to show cause as to why a
10  preliminary injunction should not issue. ECF No. 19. The Court denied the request for a
11  temporary restraining order but issued the requested order to show cause. ECF No. 20.

12  Mattson and KS Mattson agreed to Hultman's request for a preliminary injunction, and the
13  Court approved their stipulation with Hultman to enjoin these Defendants "from taking any action
14  to sell or transfer any ownership interest of Plaintiff in Divi Divi Tree, LP or Specialty Properties
15  Partners, LP without further order of this Court." ECF No. 35.

16  LM and Divi oppose Hultman's request for preliminary injunctive relief. They argue that
17  "Mattson's unauthorized self-dealing may have harmed Plaintiff," but that they "were not aware of
18  and did not participate in Mattson's malfeasance." ECF No. 36 at 18. They further assert that
19  Hultman never owned any interest in Divi, and that any distributions she purportedly received
20  from Divi "were made, if at all, by Mattson or some other entity he controlled, and not by Divi."
21  *Id.* at 10. LM and Divi also state that they have no affiliation with Specialty Properties. *Id.*

22  Hultman has filed a proof of service on Specialty Properties, ECF No. 24, but Specialty
23  Properties has not yet appeared or filed any response to Hultman's motion.

24  **II.    JURISDICTION**
25  The Court has federal question jurisdiction under 28 U.S.C. § 1331.[1]

---

[1] LM and Divi have stated an intent to file a motion asking the Court to dismiss Hultman's federal claim and to decline to exercise supplemental jurisdiction over her state law claims. ECF No. 40 at 6. The Court expresses no view as to whether it would exercise supplemental jurisdiction if the federal claim were dismissed.

2

### III. LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). To obtain preliminary injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. A court may "balance the elements" of this test, "so long as a certain threshold showing is made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Thus, for example, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quotation marks omitted).

### IV. DISCUSSION

The Court will deny Hultman's motion because she has not made the required showing that she is likely to suffer irreparable harm in the absence of the preliminary injunctive relief she seeks. Hultman does not contend that she suffered anything other than economic harm, and "monetary injury is not normally considered irreparable." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980);

Hultman is correct that economic harm may be considered irreparable under certain circumstances, but none of those circumstances is present here. For example, Hultman does not argue that sovereign immunity, or any other legal doctrine, would bar her from recovering monetary damages from any Defendant in this case. *See Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015). Nor does she contend that Defendants have "engaged in a pattern of secreting or dissipating assets to avoid judgment." *In re Est. of Ferdinand Marcos, Hum. Rts. Litig.*, 25 F.3d 1467, 1480 (9th Cir. 1994). Similarly, this is not a case where Defendants have themselves indicated an inability to satisfy a judgment against them. *See Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009).

A plaintiff can also show irreparable harm by "establish[ing] that money damages will be an inadequate remedy due to impending insolvency of the defendant." *In re Est. of Ferdinand Marcos*, 25 F.3d at 1480. But Hultman's contentions fall below that standard. She argues that there are likely to be many claims against Defendants based on allegations similar to the fraud she alleges, but she presents no argument or evidence regarding the likelihood of any Defendant's inability to pay money judgments—let alone the level of solvency of LM and Divi, the two Defendants who oppose her motion. Indeed, her briefs stop short of arguing such likelihood, instead referring only to a "real possibility that Defendants will be unable to satisfy a money judgment to Plaintiff." ECF No. 45 at 15 (reply brief); *see also* ECF No. 19-1 at 16 (arguing the same, and noting that the possibility exists particularly as to Mattson, a Defendant who has already agreed to the preliminary injunctive relief Hultman seeks). Following *Winter*, 555 U.S. at 22, a plaintiff "must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies*, 632 F.3d at 1131 (emphasis in original). Hultman's arguments regarding possible harm are therefore insufficient.

## CONCLUSION

Because Hultman has not established a likelihood of irreparable harm, her motion for a preliminary injunction is denied. The Court need not and does not reach the parties' remaining arguments.[2] Notwithstanding this conclusion, the injunction agreed to by Mattson and KS Mattson and entered as an order of the Court remains in effect. ECF No. 35.

**IT IS SO ORDERED.**

Dated: July 8, 2024

JON S. TIGAR
United States District Judge

---

[2] Hultman's motion for a temporary restraining order also requested permission to conduct expedited discovery. ECF No. 19-1 at 17–18. LM and Divi have taken the position that discovery should be stayed under the Private Securities Litigation Reform Act of 1995 because they intend to file a motion to dismiss Hultman's federal securities claim. ECF No. 40 at 9 (citing 15 U.S.C. § 78-u4(b)(3)(B)). At the June 25, 2024 case management conference, the parties agreed to meet and confer regarding discovery while continuing with the preliminary injunction briefing as scheduled. The Court makes no rulings at this time regarding discovery.